

**Hahn & Hessen LLP**
488 Madison Avenue, New York, NY 10022
T 212.478.7200   F 212.478.7400   hahnhessen.com

August 25, 2014
Via ECF and Fax (212-805-7927)

Robert J. Malatak
Partner
212.478.7316
rmalatak@hahnhessen.com

Honorable Naomi Reice Buchwald
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Wells Fargo Bank, N.A. v. Sovereign Bank, N.A.*
      Case Nos.: 13-CV-1222 (NRB) ("Enco Loan Action")
                 13-CV-4313 (NRB) ("Five Loans Action")

Dear Judge Buchwald:

On behalf of Defendant/Counter-Claimant Santander Bank, N.A. ("Santander"), we write in response to Plaintiff's August 20, 2014 letter concerning the parties' pending motions in the above-referenced actions.

Despite the facts that the pleadings are closed in the Enco Loan Action, that Plaintiff filed a first amended pleading in the Five (*or Four*) Loans Action, that briefing on the motions is long-over, that oral argument has concluded, *and* that the motions are *sub judice*, Plaintiff now requests the Court to reopen the record and consider a purported "supplemental" notice letter that attempts to provide Santander with the contractually-required notice and 90-day period to cure the alleged breaches of Reps 10 and 7 that are the subject of Plaintiff's filed and proposed amended complaints in these actions. Plaintiff's efforts are once again "too little, too late," and Santander respectfully requests the Court to deny Plaintiff's request.

Plaintiff's request is procedurally defective as the "supplemental" notice letter is post-complaints, not to mention post-closing of the briefing. *See, e.g., Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)) (rejecting consideration of subsequent facts that Plaintiff attempted to submit post-complaint as they were outside the pleadings). Plaintiff's request is also substantively deficient because, as detailed in Santander's motion papers and addressed with the Court at oral argument, written notice and the opportunity to cure was a required condition precedent to Plaintiff *commencing* (not continuing) the litigations. The "supplemental" notice letter is yet another admission by Plaintiff that it unequivocally failed to meet that contractually-required condition precedent. That analysis is not changed by Plaintiff's game of semantics in labeling the letter a "supplemental" notice, nor is it changed by Plaintiff's continuous complaining that the timely issuance of a proper notice would have been futile. *See, e.g., Bank of N.Y. Mellon Trust Co. v. Morgan Stanley Mortg. Capital*, No. 11 Civ. 0505, 2013 U.S. Dist. LEXIS 87863, at *46 (S.D.N.Y. June 19, 2013) (holding that notice must be issued when it is a required condition precedent, even if "silly")). Plaintiff already made clear that it never complied with the requirement given that



Honorable Naomi Reice Buchwald
August 25, 2014
Page 2

"litigation had already commenced by the time the additional bases for the Rep breaches set forth in the Amended Complaints were discovered" (*see, e.g.*, 13-CV-1222, ECF No. 62, p. 11).

Plaintiff's post-litigation effort to provide the notice is entirely wasteful and has absolutely no impact on the pending motions. Even assuming *arguendo* that Plaintiff's letter was proper notwithstanding the status of the pending litigations, Santander's 90-day period to cure has still not elapsed, and thus, Plaintiff's claimed breaches of Reps 10 and 7 must be dismissed given the statute of limitations has already expired. *See, e.g., ACE Sec. Corp. v. DB Structures Prods., Inc.*, 112 A.D.3d 522, 523, 977 N.Y.S.2d 229, 231 (1st Dep't 2013) (dismissing action with prejudice where 90-day cure period had not yet elapsed by date plaintiff commenced action and the statute of limitations expired before the 90-day period would run). For this reason, and as previously detailed in Santander's motion papers, Plaintiff's reliance on PSA § 2.03(b)'s "delay" provision is of no moment. Plaintiff has no legal ability to unilaterally extend the six (6) year statute of limitations.

Regrettably, Plaintiff's "supplemental" notice letter only further demonstrates an apparent failure to conduct any pre-suit investigation before Plaintiff commenced these ill-conceived litigations. Plaintiff's actions have forced Santander to expend significant resources and costs to respond to Plaintiff's frivolous claims, several of which Plaintiff has since voluntarily withdrawn. Santander has already issued Rule 11 letters to Plaintiff, and reserves all rights to seeks costs and sanctions at the appropriate time.

For these reasons, Santander respectfully requests that the Court reject Plaintiff's August 20, 2014 letter and the request to expand the record.

Respectfully,

Robert J. Malatak

cc: Timothy J. Pastore, Esq.
    Paul D. Snyder, Esq.